**COMPOSITE EXHIBIT 1**



# JUAN FERNANDEZ-BARQUIN
## CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Contact Us    My Account    

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**CARLYLE AVIATION PARTNERS, LLC ET AL VS BEST MERIDIAN INSURANCE COMPANY ET AL**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2023-019482-CA-01 | **Filing Date:** | 07/12/2023 |
| **State Case Number:** | 132023CA019482000001 | **Judicial Section:** | CA13 - Downtown Miami |
| **Consolidated Case No.:** | N/A | **Court Location:** | 73 West Flagler Street, Miami FL 33130 |
| **Case Status:** | OPEN | **Case Type:** | Contract & Indebtedness |

**☰ Related Cases**     Total Of Related Cases: 0 ➕

**👥 Parties**     Total Of Parties: 11 ➕

**🔨 Hearing Details**     Total Of Hearings: 0 ➕

**🔊 Dockets**     Total Of Dockets: 28 ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 24 | 07/21/2023 | | Service Returned | Event | **BMI** |
| 📄 | 23 | 07/21/2023 | | Service Returned | Event | **BEST MERIDIAN** |
| 📄 | 22 | 07/21/2023 | | Service Returned | Event | **BEST MERIDIAN** |
| | | 07/21/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 21 | 07/21/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 12.** Parties: Best Meridian International Insurance Company SPC |
| | 20 | 07/20/2023 | | Receipt: | Event | **RECEIPT#:3180010 AMT PAID:$40.00 NAME:MARKS, STEVEN C PODHURST ORSECK, P.A. SUNTRUST INTERNATIONAL CENTE MIAMI FL 33131 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:EFILINGS TENDER AMT:$40.00 RECEIPT DATE:07/20/2023 REGISTER#:318 CASHIER:EFILINGUSER** |
| | | 07/19/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 19 | 07/19/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 13.** Parties: BMI Financial Group Inc. |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | | 07/19/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 18 | 07/19/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 11.**<br>Parties: Best Meridian International Insurance Company SPC |
| | | 07/19/2023 | | 20 Day Summons Issued | Service | |
| 📄 | 17 | 07/19/2023 | | ESummons 20 Day Issued | Event | **RE: INDEX # 10.**<br>Parties: Best Meridian Insurance Company |
| 📄 | 16 | 07/19/2023 | | Service Returned | Event | |
| 📄 | 15 | 07/19/2023 | | Service Returned | Event | |
| 📄 | 14 | 07/19/2023 | | Service Returned | Event | |
| | 9 | 07/18/2023 | | Receipt: | Event | **RECEIPT#:2360002 AMT PAID:$30.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 3 $10.00 $30.00 TENDER TYPE:VISA CARD TENDER AMT:$30.00 RECEIPT DATE:07/18/2023 REGISTER#:236 CASHIER:TCOBB** |
| | | 07/18/2023 | | 20 Day Summons Issued | Service | |
| | 8 | 07/18/2023 | | 20 Day Summons Issued | Event | Parties: Best Meridian Insurance Company; BMI Financial Group Inc.; Best Meridian International Insurance Company SPC |
| 📄 | 13 | 07/13/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 12 | 07/13/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 11 | 07/13/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 10 | 07/13/2023 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 7 | 07/13/2023 | | Notice of Appearance | Event | Parties: Rojas Pablo ESQ; Carlyle Aviation Partners LLC; Carlyle Aviation Partners Ltd.; Carlyle Aviation Management Limited; SASOF IV (E) Aviation Ireland DAC; SASOF III (A10) Aviation Ireland DAC; Lapis Aircraft Leasing Limited Ltd.; SASOF III (A21) Aviation Ireland DAC; Fly Aircraft Holdings Thirty One Limited Ltd. |
| 📄 | 6 | 07/13/2023 | | Notice of Appearance | Event | Parties: Infante Kristina; Carlyle Aviation Partners LLC; Carlyle Aviation Partners Ltd.; Carlyle Aviation Management Limited; SASOF IV (E) Aviation Ireland DAC; SASOF III (A10) Aviation Ireland DAC; Lapis Aircraft Leasing Limited Ltd.; SASOF III (A21) Aviation Ireland DAC; Fly Aircraft Holdings Thirty One Limited Ltd. |
| 📄 | 5 | 07/13/2023 | | Notice of Appearance | Event | Parties: Marks Steven C; Carlyle Aviation Partners LLC; Carlyle Aviation Partners Ltd.; Carlyle Aviation Management Limited; SASOF IV (E) Aviation Ireland DAC; SASOF III (A10) Aviation Ireland DAC; Lapis Aircraft Leasing Limited Ltd.; SASOF III (A21) Aviation Ireland DAC; Fly Aircraft Holdings Thirty One Limited Ltd. |



| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 4 | 07/13/2023 | | Receipt: | Event | RECEIPT#:3160227 AMT PAID:$401.00 NAME:MARKS, STEVEN C PODHURST ORSECK, P.A. SUNTRUST INTERNATIONAL CENTE MIAMI FL 33131 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:EFILINGS TENDER AMT:$401.00 RECEIPT DATE:07/13/2023 REGISTER#:316 CASHIER:EFILINGUSER |
| 2 | 07/12/2023 | | Complaint | Event | |
| 1 | 07/12/2023 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

## General

Online Case Home

Civil / Family Courts Information

Login

## Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



Juan Fernandez-Barquin
Clerk of the Court and Comptroller
Miami-Dade County

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2023 Clerk of the Courts. All rights reserved.



**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Carlyle Aviation Partners, LLC, Carlyle Aviation Partners, Ltd., Carlyle Aviation Management Limited, SASOF IV (E) Aviation Ireland DAC, SASOF III (A10) Aviation Ireland DAC, Lapis Aircraft Leasing Limited, Ltd., SASOF III (A21) Aviation Ireland DAC, Fly Aircraft Holdings Thirty One Limited, Ltd.</u>

Plaintiff                                                        Case # _____

                                                                      Judge   _____

vs.

<u>Best Meridian Insurance Company, BMI Financial Group, Inc., Best Meridian International Insurance Company SPC</u>
  Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE        (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   3

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**    **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Steven C. Marks          Fla. Bar # 516414
       Attorney or party               (Bar # if attorney)

Steven C. Marks               07/12/2023
  (type or print name)             Date

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

                                      **JURY TRIAL DEMANDED**

       Defendant.

_____/

## **COMPLAINT**

Plaintiffs Carlyle Aviation Partners LLC, Carlyle Aviation Partners Ltd., Carlyle Aviation

Management Limited, SASOF IV (E) Aviation Ireland DAC, SASOF III (A10) Aviation Ireland

DAC, Lapis Aircraft Leasing Limited, Ltd., SASOF III (A21) Aviation Ireland DAC, and Fly

Aircraft Holdings Thirty One Limited, Ltd. (collectively the "Carlyle Plaintiffs") file this action

against Defendants Best Meridian Insurance Company, BMI Financial Group, Inc., and Best

Meridian International Insurance Company SPC (collectively "BMI" or the "BMI Defendants") and in support state the following:

**INTRODUCTION**

1.      This case is an insurance coverage dispute. The Carlyle Plaintiffs—which are companies involved in managing, servicing, investing in and leasing large commercial aircraft— have made claims for coverage for the loss of six aircraft (including spares and equipment) (the "Aircraft") leased to UTair Aviation ("UTair"), a Russian airline.

2.      The BMI Defendants are a group of affiliated companies that, at all times material, have individually or collectively been obligated to make coverage payments to the Carlyle Plaintiffs on certain losses related to the Aircraft leased to UTair. For instance, the pertinent reinsurance broker, Arthur J. Gallagher (UK) Limited ("Gallagher"), has identified "BMI" as the pertinent responsible reinsurer and has identified BMI employees based in Miami as the pertinent reinsurance contacts at BMI. Although the BMI Defendants are nominally *re*insurers of risks related to the Aircraft, under the pertinent contracts and applicable law the BMI Defendants are required to pay the Carlyle Plaintiffs directly as contract parties and/or additional insureds. Namely, the Carlyle Plaintiffs are entitled to receive payment from BMI under the hull all risks coverage and the hull war and allied risks coverage under the pertinent reinsurance contracts.

3.      According to certificates of reinsurance provided by Gallagher, the reinsurance contracts that the BMI Defendants entered into contain certain "cut-through" provisions rendering the BMI Defendants liable to pay valid claims to the Carlyle Plaintiffs that BMI would otherwise be liable to pay the reinsured, Ingosstrakh Insurance Company (the "Russian Insurer"). These cut-through provisions play a key role in the wider context of the insurance and reinsurance arrangements made pursuant to the lease agreements between the Carlyle Plaintiffs and UTair. As

2

relevant here, per the cut-through provisions, the reinsured Russian airline and the BMI Defendants agreed that the Carlyle Plaintiffs could make claims and receive payment under the pertinent reinsurance contracts and further agreed that the Carlyle Plaintiffs could enforce the terms of the cut-through clauses.

4.      Additionally, the cut-through provisions of the pertinent reinsurance contract(s) expressly conferred a benefit on the Carlyle Plaintiffs. Accordingly, the Carlyle Plaintiffs are entitled to enforce the contracts against Defendant BMI.

5.      In addition to the cut-through provisions identified by Gallagher, the BMI Defendants are liable to the Carlyle Plaintiffs for other reasons, as well. The Carlyle Plaintiffs are third-party beneficiaries of the pertinent contracts involving the BMI Defendants because the subject Aircraft were insured and reinsured to facilitate the Carlyle Plaintiffs' leasing of the Aircraft to UTair and therefore insured and reinsured in part for the Carlyle Plaintiffs' benefit.

6.      Put differently, although the Carlyle Plaintiffs are not *directly* parties to the pertinent insurance and reinsurance contracts, they have enforceable rights under the contracts as well as under applicable law.

7.      To date, the Carlyle Plaintiffs have conducted a diligent investigation of the pertinent contracts and commercial arrangements. As part of this investigation, they have received "certificates" of insurance and reinsurance, including from broker Gallagher, that detail the main substantive terms and obligations under the relevant insurance and reinsurance contracts. The Carlyle Plaintiffs believe that after a reasonable opportunity for discovery, they may discover additional information regarding the operative contracts and the terms of those contracts.

8.      The Carlyle Plaintiffs have also received information about the BMI Defendants and the pertinent contracts that is conflicting and perplexing. For instance, the Carlyle Plaintiffs

have received information indicating that after entering into a contract to reinsurer the Russian Insurer, the BMI Defendants then entered into *another* reinsurance contract to allocate the pertinent reinsurance risk *back* to the Russian insurer. This highly unusual arrangement, if borne out through discovery, raises questions about the commercial soundness and legitimacy of the BMI Defendants' involvement in insuring and/or reinsuring the risks at issue in this litigation. It also adds further mystery to the fundamental question of how BMI—a life insurer and private medical insurer focused on the United States and Latin America—came to be involved in transactions to insure many millions of dollars' worth of aircraft located in Russia.

9.      After the initiation of hostilities between Russia and Ukraine in February 2022, the Carlyle Plaintiffs—on their own behalf and/or through their affiliates—provided UTair with notices of default and termination of leasing. To date, more than one year later, the airline has failed to return the Aircraft and the Carlyle Plaintiffs and their affiliates have been deprived of their lawful right to possess and use the Aircraft. Accordingly, the Carlyle Plaintiffs have suffered a loss of the Aircraft.

10.      Each of the Aircraft was at all times materially covered by insurance contracts. As relevant here—and based on information obtained to date—the Aircraft were covered by insurance contracts between UTair and the Russian Insurer.

11.      Each of the Aircraft was also covered by *re*insurance contracts between the Russian Insurer and the BMI Defendants.

12.      As noted above, the insurance and reinsurance broker has advised the Carlyle Plaintiffs that the contracts contain "cut-through" clauses by which the Carlyle Plaintiffs and/or their affiliates were entitled to payments of coverage under the reinsurance contracts. Therefore,

to the extent that an ordinary, reinsurance contract would not provide for direct payment to the Carlyle Plaintiffs as a general matter, that is not the case here.

13.     The Carlyle Plaintiffs are also third-party beneficiaries of the pertinent contracts, even setting aside the express cut-through provisions, because the contracts were developed and entered into for the sole purpose of facilitating the Carlyle Plaintiffs' leasing of the subject Aircraft to UTair.

14.     Taken together, the pertinent contracts—including the reinsurance contracts, insurance policies and leasing agreements—entitle the Carlyle Plaintiffs to payments of coverage for the loss of the Aircraft. Upon information and belief, the relevant amount of coverage per the pertinent contracts is the set of agreed values for the Aircraft. Upon information and belief, BMI's obligations are equal to 94.05 percent of those agreed values.

15.     The Carlyle Plaintiffs have made claims for these losses and submitted such claims and claim particulars to BMI, including through the relevant reinsurance broker. For instance, on January 4, 2023, the Carlyle Plaintiffs sent a letter to BMI through the Plaintiffs' English counsel detailing their claims and the potential for litigation. The BMI Defendants did not respond to the January 4 letter.

16.     More recently, the Carlyle Plaintiffs have engaged in direct communications with the BMI Defendants, who have provided some information including a purported reinsurance contract and who have advised that the responsible party for the pertinent risk is the Russian Insurer. However, the BMI Defendants have not agreed to provide coverage for the claims, nor have they squarely denied the claims, nor have they provided sufficient information to understand the relationships and arrangements between BMI and the Russian Insurer.

17.     The Carlyle Plaintiffs have satisfied and complied with all applicable conditions precedent to initiating this lawsuit, including—to the extent applicable—by providing formal pre-suit notice pursuant to Section 627.70152 of the Florida Statutes.

## THE PARTIES, VENUE AND JURISDICTION

18.     Plaintiff Carlyle Aviation Partners Ltd. ("CAP Ltd.") is a Bermuda company and an affiliate of Plaintiff Carlyle Aviation Partners LLC that also participates in the investment in and management of commercial aircraft and engines.

19.     Plaintiff Carlyle Aviation Partners LLC ("CAP LLC") is a limited liability company organized under the laws of Florida and a wholly owned subsidiary of CAP Ltd. CAP LLC's principal place of business is Miami, Florida.

20.     Plaintiff Carlyle Aviation Management Limited ("CAML") is a company incorporated under the laws of Bermuda and registered in Ireland. It participates in the investment in and management of commercial aircraft and engines. It is an indirect and wholly owned subsidiary of CAP Ltd.

21.     Plaintiff SASOF IV (E) Aviation Ireland DAC is a company incorporated under the laws of Ireland. It is the lessor and owner, at all material times, of a model B737-800 aircraft bearing MSN 35828 and Bermudan registration mark VQ-BDR, equipped with two CFM56-7B26 engines ("Aircraft MSN 35828"), as well as a model B737-800 aircraft bearing MSN 37598 and Bermudan registration mark VQ-BDD, equipped with two CFM56-7B26/3 engines ("Aircraft MSN 37598").

22.     Plaintiff SASOF III (A10) Aviation Ireland DAC is a company incorporated under the laws of Ireland. It is the lessor and owner, at all material times, of a model B737- 800 aircraft

bearing Manufacturer's Serial Number ("MSN") 29250 and Bermudan registration mark VQ-BDH, equipped with two CFM56-7B26 engines ("Aircraft MSN 29250").

23.    Plaintiff Lapis Aircraft Leasing Limited, Ltd., is a company incorporated under the laws of Ireland. It is the lessor and owner, at all material times, of a model B737-800 aircraft bearing MSN 31765 and Bermudan registration mark VQ-BLT, equipped with two CFM56-7B26/3 engines ("Aircraft MSN 31765").

24.    Plaintiff SASOF III (A21) Aviation Ireland DAC is a company incorporated under the laws of Ireland. It is the lessor and owner, at all material times, of a model B737-800 aircraft bearing MSN 35072 and Bermudan registration mark VQ-BDG, equipped with two CFM56-7B26 engines ("Aircraft MSN 35072").

25.    Plaintiff Fly Aircraft Holdings Thirty One Limited, Ltd. is a company incorporated under the laws of Ireland. It is the lessor and owner, at all material times, of a model B737-800 aircraft bearing MSN 31716 and Bermudan registration mark VQBLP, equipped with two CFM56-7B26/3 engines ("Aircraft MSN 31716").

26.    Defendant Best Meridian Insurance Company is a corporation organized under the laws of Florida with its principal address and headquarters in Miami, Florida. At all times material, BMI was active in the business of providing insurance, including life insurance, health insurance and travel-related insurance.

27.    Upon information and belief, Defendant Best Meridian International Insurance Company SPC is a BMI entity organized under the laws of the Cayman Islands. Upon information, Defendant Best Meridian International Insurance Company SPC is merely a front for the other BMI Defendants' insurance activities. Plaintiffs have been unable to date to identify any Best

Meridian International Insurance Company SPC employees or assets actually based in the Cayman Islands.

28.     Defendant BMI Financial Group, Inc. is a corporation organized under the laws of Florida with its principal address and headquarters in Miami, Florida. At all times material, BMI was active in the business of providing insurance, including life insurance, health insurance and travel-related insurance. Upon information, Defendant BMI Financial Group, Inc. is the parent company of Defendants Best Meridian Insurance Company and Best Meridian International Insurance Company SPC.

29.     The BMI Defendants are subject to jurisdiction in this Court because, at all times material, the BMI Defendants engaged in substantial and not isolated activity within Florida; operated, conducted, engaged in and carried on a business in Florida; and contracted to insure risks related to aircraft owned, leased serviced and/or managed by the Carlyle Plaintiffs including CAP LLC, a company located in Florida. *See* Section 48.193, Florida Statutes.

30.     Venue is proper in Miami-Dade County because, among other things, two of the BMI Defendants reside in Miami-Dade County and the Carlyle Plaintiffs' cause of action accrued in Miami-Dade County. *See* Section 47.011, Florida Statutes.

31.     This is an action in law in which the matter in controversy exceeds $50,000. This Court has jurisdiction to adjudicate this action as well as to declare rights, status, and/or any other equitable or legal relations within its jurisdictional amount. *See* Section 86.011, Florida Statutes.

**FACTUAL BACKGROUND**

**The insurance and reinsurance arrangement**

32.     At all times material, the Carlyle Plaintiffs participated in the investment in, management of, and leasing of a global fleet of aircraft. As relevant to the instant Complaint, this fleet included the Aircraft leased to and operated by UTair. At all times material, these companies

entered into contracts with Carlyle Plaintiffs and/or their affiliates for the leasing of the Aircraft, and operated the Aircraft as part of an airline business based in Russia. Each of the Aircraft was covered by a separate lease agreement.

33.     Each of the Aircraft was likewise covered by contracts of insurance which insured the Airline and associated entities against various risks, including hull all risks of "[physical] loss or damage" to the Aircraft and hull risks of war and related perils pursuant to LSW55D. Upon information—including based on a Master Certificate of Insurance issued by the Russian Insurer— the insurance contracts had a temporal scope of June 12, 2021 through June 11, 2022 (Master Certificate of Insurance attached as Exhibit A).

34.     The insurance contracts contain or incorporate a market clause called the Airline Finance/Lease Contract Endorsement AVN 67B ("Endorsement AVN 67B"). This Endorsement provides, among other things, that the Carlyle Plaintiffs are "Additional Insureds" under the insurance contracts. Endorsement AVN 67B further provides that if any claim on a covered aircraft "becomes payable on the basis of a Total Loss, settlement . . . shall be made to, or to the order of the Contract Party(ies)," which includes the Carlyle Plaintiffs.

35.     The insurance contracts also incorporated a market-standard set of provisions entitled Aviation War and Allied Perils Policy (LSW 555D), which obligate the insurer(s) to cover loss of or damage to the insured aircraft that is caused by, among other things: war, invasion, hostilities, and governmental acts of confiscation, seizure, restraint, and detention.

36.     Each of the Aircraft was also subject to a reinsurance contract.

37.     In most or all material respects, the reinsurance contracts mirror the substantive terms of the insurance contracts. For example, upon information—including based on the Master Reinsurance Certificate issued by Arthur J. Gallagher (UK) Limited, an insurance and reinsurance

broker based in England—the pertinent reinsurance contract(s) had a temporal term of June 12, 2021 through June 11, 2022. The reinsurance contracts also incorporated the Aviation Hull War and Allied Perils coverage (LSW 555D) described above. (Master Certificate of Reinsurance attached as Exhibit B).

38.     Per the pertinent insurance and reinsurance contracts, the Aircraft were the following, and had the following contractually agreed values:

    a.  A Boeing aircraft with Serial Number 29250 (including spares and equipment) (agreed value: $19.4 million)

    b.  A Boeing aircraft with Serial Number 31716 (including spares and equipment) agreed value: $35.0 million)

    c.  A Boeing aircraft with Serial Number 31765 (including spares and equipment) (agreed value: $35.0 million)

    d.  A Boeing aircraft with Serial Number 35072 (including spares and equipment) (agreed value: $27.0 million)

    e.  A Boeing aircraft with Serial Number 35828 (including spares and equipment) (agreed value: $35.0 million)

    f.  A Boeing aircraft with Serial Number 37598 (including spares and equipment) (agreed value: $35.0 million)

39.     According to the Master Reinsurance Certificate, the Reinsured Amount was and is "94.05% of Agreed Values."

40.     The Master Reinsurance Certificate also states that, at least as to the hull all risk and war risk coverages under the pertinent reinsurance contract(s), a "Cut Through Clause shall apply" under which—in the event of a total loss—the reinsurer(s) "shall . . . pay" the applicable coverage amount "to the person named as Loss Payee or such person's assignee under the [underlying insurance contract]."

41.     At all times material, Carlyle Plaintiffs have had enforceable rights to coverage under the pertinent insurance and reinsurance contracts because—among other things— the Russian Insurer is liable to indemnify the Carlyle Plaintiffs as additional insureds under the

insurance contracts, and there being a valid claim under the reinsurance contracts, the Carlyle Plaintiffs are entitled to payment from the BMI Defendants by virtue of the cut-through provisions.

42.     Accordingly, in the event of a covered loss, the Carlyle Plaintiffs are entitled to payment of the pertinent coverage amounts under the reinsurance contracts for loss of or damage to the Aircraft under the all-risk coverage and the war risk coverage.

### Carlyle Plaintiffs' covered losses

43.     On February 21, 2022, Russia declared its intent to recognize the two Ukrainian regions of Donetsk and Luhansk as separate and independent territories not subject to Ukrainian sovereignty. The Russian Parliament adopted this decision the following day. It was widely expected that these actions would soon be followed by military hostilities.

44.     Beginning on February 22, 2022, the Carlyle Plaintiffs immediately undertook to analyze and, to the extent possible, anticipate the potential effects of the Russia-Ukraine hostilities on their aircraft leasing operations. This included, but was not limited to, evaluating the possibility of repossessing the aircraft and terminating the leases to Russian airlines.

45.     On February 24, 2022, Russia began military hostilities and invaded Ukraine.

46.     Immediately after the initiation of the hostilities, the Carlyle Plaintiffs undertook timely and extensive efforts to monitor, track, repossess and/or relocate Aircraft and otherwise preserve and recover the aircraft. As outlined below, it was not reasonably possible to accomplish said repossession or relocation because the aircraft were and have been seized, lost, stranded, and restrained, including, but not limited to, by reason of Russian Government policy and directives.

47.     On February 25, 2022, the Carlyle Plaintiffs proactively secured aircraft storage slots in Spain and the United Kingdom to prepare to accept redelivery of the aircraft leased to Russian airlines, including UTair, should that redelivery occur.

11

48.     On or around February 27, 2022, the Carlyle Plaintiffs sent letters to UTair requesting the return of each of the Aircraft to a location outside of Russia. On the same day, the Russian Government restricted flights in or through Russian airspace from Latvia, Lithuania, Slovenia, and Estonia.

49.     Upon information, on February 28, 2022, officials from the Russian Government met with senior executives of several Russian airlines including UTair and delivered an instruction, directive, and/or tacit order that aircraft leased from foreign lessors must not be returned.

50.     Also on February 28, 2022, the Russian Government restricted all flights in or through Russian airspace by air carriers of thirty-six countries (which included all EU member states, the United States, the United Kingdom and part of the Commonwealth, Canada, and Switzerland). Pursuant to this restriction, flights from these countries could be performed only subject to a special permit issued by the Russian Government.

51.     Also on February 28, 2022, the Carlyle Plaintiffs issued a formal request to UTair demanding relocation of the Aircraft.

52.     On March 3, 2022, the Carlyle Plaintiffs and/or their affiliates issued notices of default and termination of leasing to UTair with respect to the Aircraft. These notices not only had the legal effect of terminating the pertinent leases, but they also required UTair to cease operating the Aircraft and immediately return them to a safe and agreed upon location.

53.     Beginning on March 4, 2022, the Russian Government intensified its policies restraining, detaining, and sequestering foreign-owned and foreign-registered aircraft within Russia. For example:

   a) On March 4, 2022, in one or more telegrams, Rosaviatsiya – a federal government agency also known as the Federal Air Transport Agency or

"FATA", which operates under the supervision of the Russian Ministry of Transport – advised airlines that should they receive notices from the lessors asserting that the leasing of aircraft had been terminated, rather than return the aircraft, they should enter into negotiations with their lessors, and in the event that they failed to reach a mutually beneficial agreement, the airlines were invited to re-register the aircraft in Russia.

b)   On March 5, 2022, the Russian Government issued Order No. 430-R attaching a list of 'Foreign States and Territories Involved In Committing Unfriendly Actions Against the Russian Federation, Russian Legal Entities and Natural Persons'. The list included the UK, the Member States of the European Union (including the Republic of Ireland) and the USA. Various Russian Government policies refer back to this list and are designed to target the "unfriendly" jurisdictions, including policies affecting the transportation, use and export of aircraft.

c)   Also on March 5, 2022, Rosaviatsiya issued a statement recommending that Russian airlines that have aircraft registered in the registers of foreign states under a leasing agreement with a foreign organization temporarily suspend the transportation of passengers and goods, "due to the high risk of detention or seizure of Russian airlines' aircraft abroad" (i) from March 6, 2022 from Russia to foreign states; and (ii) from March 8, 2022 from foreign states to Russia. These "recommendations" were in fact restrictions imposed on the Russian airlines, which had the effect of preventing both the return of foreign-leased aircraft to foreign lessors and the aircraft being flown to a location that would

13

carry the possibility of the aircraft being seized or detained for the purpose of their recovery.

54.     Despite the Carlyle Plaintiffs' notices of default and termination of leasing, UTair has to date failed to return the Aircraft to the Carlyle Plaintiffs' lawful possession.

55.     Initially, UTair made preparations to make ferry flights of the Aircraft from Russia to Kazakhstan sometime in mid-March 2022. It was contemplated that this would facilitate the Carlyle Plaintiffs' lawful repossession of the aircraft.

56.     However, although UTair obtained permission from the Kazakhstan authorities for at least one ferry flight for the aircraft with serial number 31716, it was denied the requisite ferry flight permission from the Russian authorities.

57.     Although there have continued to be occasional communications between the Carlyle Plaintiffs, the related lessor entities and UTair, it is clear that UTair has not had any intention of returning the Aircraft consistent with its obligations under the leasing agreements.

58.     As noted above, UTair's correspondence with the Carlyle Plaintiffs and the pertinent lessor entities has made reference to the Russian government's policies that, according to UTair, render it impossible for it to comply with its legal obligations to the Carlyle Plaintiffs as to the Aircraft.

59.     In the months that have transpired since the Carlyle Plaintiffs and the related lessor entities provided UTair with notices of default and termination of leasing, the Russian government's policies restricting and/or prohibiting the lawful return of aircraft to foreign lessors have not meaningfully changed. Upon information and belief, beginning in April 2022 at the latest, and having already prohibited the relocation of foreign aircraft since February, the Russian

14

Government has permitted and/or encouraged Russian airlines to continue operating foreign-owned aircraft in violation of lessor rights.

60.     In other litigation relating to a similar loss of aircraft by another aviation lessor, a federal district court of New York determined that a "seizure" had occurred for purposes of contract language materially similar to the language applicable here, the LSW 555D War and Allied Perils coverage clause. *See generally BOCA Aviation Limited v. AirBridgeCargo Airlines, LLC*, 2023 WL 2896048 (S.D.N.Y. Apr. 11, 2023).

## CAUSES OF ACTION

## COUNT I: DECLARATORY JUDGMENT

61.     The Carlyle Plaintiffs re-adopt and re-allege paragraphs 1 through 60 above.

62.     Under Fla. Stat. § 86.011, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

63.     The Carlyle Plaintiffs have contractual and legal rights under the pertinent leasing agreements, insurance contracts, reinsurance contracts, certificate(s) of insurance, and certificate(s) of reinsurance.

64.     Pursuant to these contracts, the BMI Defendants are contractually obligated to pay covered losses directly to the Carlyle Plaintiffs and the affiliated lessor entities. Specifically, The BMI Defendants are contractually obligated to pay 94.05% of the agreed values of the Aircraft.

65.     The Aircraft are and have been at all times material subject to a covered loss under the pertinent contracts, including, but not limited to, a governmental seizure, detention, nationalization, and/or confiscation that is covered under the War and Allied Perils coverage (LSD 555D).

66.     The Carlyle Plaintiffs have duly complied with their obligations under all applicable contracts.

67.     The BMI Defendants, without justification, have failed to provide coverage for theses covered losses, has failed to respond to the Carlyle Plaintiffs' claims communications and has otherwise violated its contractual and statutory obligations to investigate the claim and pay for the losses.

68.     The Carlyle Plaintiffs seek a Declaratory Judgment that the applicable insurance and reinsurance contracts obligate the BMI Defendants to provide coverage for their losses.

69.     An actual case or controversy exists regarding the Carlyle Plaintiffs' rights and Defendant's obligations to reimburse the Carlyle Plaintiffs for the full amount of these losses. Accordingly, the Declaratory Judgment sought is justiciable.

WHEREFORE, the Carlyle Plaintiffs request that this Court enter a Declaratory Judgment declaring that the BMI Defendants are contractually obligated to pay the Carlyle Plaintiffs' covered losses.

## COUNT II: BREACH OF CONTRACT

70.     The Carlyle Plaintiffs re-adopt and re-allege paragraphs 1 through 60 above.

71.     Under Fla. Stat. § 86.011, this Court has jurisdiction to declare the rights and other legal relations of the parties in dispute.

72.     The Carlyle Plaintiffs have contractual and legal rights under the pertinent leasing agreements, insurance contracts, reinsurance contracts, certificate(s) of insurance, and certificate(s) of reinsurance.

73.     Pursuant to these contracts, the BMI Defendants are contractually obligated to pay covered losses directly to the Carlyle Plaintiffs and the affiliated lessor entities. Specifically, The BMI Defendants are contractually obligated to pay 94.05% of the agreed values of the Aircraft.

74.     The Aircraft are and have been at all times material subject to a covered loss under the pertinent contracts, including, but not limited to, a governmental seizure, detention, and/or confiscation that is covered under the War and Allied Perils coverage (LSD 555D).

75.     The Carlyle Plaintiffs have duly complied with their obligations under all applicable contracts.

76.     The BMI Defendants, without justification, have failed to provide coverage for theses covered losses, has failed to respond to the Carlyle Plaintiffs' claims communications and has otherwise violated its contractual and statutory obligations to investigate the claim and pay for the losses detailed in the claims communications.

77.     By failing to pay for the losses detailed in the claims communications, The BMI Defendants have breached contractual obligations owed to the Carlyle Plaintiffs and the related lessor entities.

78.     As a result of the BMI Defendants' breaches of the Policy, the Carlyle Plaintiffs have suffered actual and substantial damages for which Defendant is liable.

WHEREFORE, the Carlyle Plaintiffs seek compensatory damages resulting from Defendants' blatant breaches of applicable contractual duties and seek all other relief deemed appropriate by this Court, including attorneys' fees and costs.

**COUNT III:**
**VIOLATION OF GOOD FAITH DUTIES**
**UNDER FLORIDA LAW**

79.     The Carlyle Plaintiffs re-adopt and re-allege paragraphs 1 through 60 above.

80.     This is an action for bad faith in violation of Fla. Stat. § 624.155 *et seq*., as well as Florida's common law of insurance bad faith.

81.     Consistent with Florida's statutory and common law establishing insurers' good faith obligations, the BMI Defendants were obligated to reasonably and promptly evaluate the Carlyle Plaintiffs' claims in good faith, to settle the Carlyle Plaintiffs' valid claims in good faith, and to act fairly and honestly with due regard for the Carlyle Plaintiffs' interests, among other obligations.

82.     The BMI Defendants have done none of these things. Instead, they have violated their good faith duties to the Carlyle Plaintiffs by, among other things, failing to timely and seriously evaluate the Carlyle Plaintiffs' claims and failing to timely respond to claims-related outreach by the Carlyle Plaintiffs and/or their counsel. The BMI Defendants have not timely provided an assessment or determination as to these claims despite full particulars of the claims having been provided months before the filing of this Complaint. The BMI Defendants have also failed to provide any explanation of how, if at all, they are evaluating the claims.

83.     Upon information, the BMI Defendants have violated Fla. Stat. §§ 624.155(1)(b)(1), 624.155(1)(b)(3) and Fla. Stat. §§ 626.954(1)(i)(2), 626.954(1)(i)(3)(a-h), through the following acts and/or omissions, among others:

    a.   Failing to act fairly and honestly toward the Carlyle Plaintiffs;

    b.   Refusing to accept and pay the Carlyle Plaintiffs' claims, despite the existence and clarity of evidence that the Carlyle Plaintiffs experienced a loss triggering coverage under the Policy;

    c.   Failing to adopt and implement standards for the proper investigation of claims; and

    d.   Denying and/or unduly delaying assessment of the Carlyle Plaintiffs' claims.

84.     The BMI Defendants' actions and omissions since the Carlyle Plaintiffs presented their claims in early March 2022 have been in reckless disregard for the rights of the Carlyle Plaintiffs.

85.     As a direct and proximate cause of the BMI Defendants' actions and/or inactions as set forth above, the Carlyle Plaintiffs have been damaged.

WHEREFORE, the Carlyle Plaintiffs demand judgment for damages against the BMI Defendants, including but not limited to the total amount of damage sustained as a result of the loss of the Aircraft, the total amount of the Carlyle Plaintiffs' damages as determined by a jury, including but not limited to the amount in excess of Defendant's coverage obligations, any interest on unpaid benefits, reasonable attorneys' fees and costs including the costs of discovery and attorneys' fees payable pursuant to Fla. Stat. § 626.155(4), and all further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

The undersigned hereby demands a trial by jury as to all issues so triable.

Dated: July 12, 2023                          **PODHURST ORSECK, P.A.**

                                               _/s/ Steven C. Marks_
                                               Steven C. Marks (Fla. Bar No. 516414)
                                               Kristina M. Infante (Fla. Bar No. 112557)
                                               Pablo Rojas (Fla. Bar No. 1022427)
                                               SunTrust International Center
                                               One Southeast 3rd Ave., Suite 2300
                                               Miami, Florida 33131
                                               Phone: (305) 358-2800
                                               Fax: (305) 358-2382
                                               smarks@podhurst.com
                                               kinfante@podhurst.com
                                               projas@podhurst.com

# Exhibit "A"



СТРАХОВОЕ
ПУБЛИЧНОЕ
АКЦИОНЕРНОЕ
ОБЩЕСТВО

INSURANCE
COMPANY

Россия, 115035 г. Москва, ул. Пятницкая, д. 12, стр. 2.
Для телеграмм: Москва, 35, Ингосстрах
Тел.: (495) 232 3211, 956 5555. Факс: 959 4518, 959 4405, 234 3600, 956 7777
Телекс: 411144 INGS RU, 412442 INGS RU. E-mail: ingos@ingos.ru,
http://www.ingos.ru

12-2, Pyatnitskaya ul., Moscow, 115035, Russia.
Cables: Moscow, 35, Ingosstrakh
Tel.: (495) 232 3211, 956 5555. Fax: 959 4518, 959 4405, 234 3600, 956 7777
Telex: 411144 INGS RU, 412442 INGS RU. E-mail: ingos@ingos.ru,
http://www.ingos.ru

**11 June 2021**

**ISSUED TO: Each of the parties shown within the attached Certificate of Insurance Addendum.**

MASTER LETTER OF UNDERTAKING<br>2021UTAIR MASTER (B)/MLOU

Dear Sirs:

EQUIPMENT:<br>As shown within the attached Certificate of Insurance Addendum

OPERATOR:<br>The Named Insured as shown within the Master Certificate of Insurance<br>2021UTAIR MASTER (B)

We confirm that insurance has been effected for the account of the Named Insured covering the Aircraft operated by the Named Insured, for the risks detailed in the attached Master Certificate of Insurance (Our reference: **2021UTAIR MASTER (B)**) dated 11 June 2021 and related Certificate of Insurance Addendum.

Pursuant to instructions received from the Named Insured and in consideration of your approving ourselves as the Ingosstrakh Insurance Company for such insurances we undertake as follows in connection with the Named Insured's Fleet Policy arrangements (under which the Aircraft identified in the Schedule Identifying terms is insured), but only in relation to your interest(s) in the Aircraft:

1.  In relation to the Hull and Hull War Risks insurance to hold to your order the insurance Slips and the benefit of those insurances to your order in accordance with the loss payable provision referenced in the said Certificate of Insurance Addendum attaching to the Master Certificate of Insurance 2021UTAIR MASTER (B).

2.  To advise you, at the e-mail address contained within the Schedule of Addressees attached to Certificate Addendum:
    (1) Of the receipt by us of any notice of cancellation or material change in the insurances; and
    (2) If we cease to be Insurance Company to Named Insured.

3.  Following a written application received from you not later than 21 days before expiry of these insurances to notify you at the e-mail address contained within the Schedule of Addressees attached to Certificate of Insurance Addendum within fourteen days of the receipt of such application in the event of our not having received renewal instructions from the Named Insured.

    The above undertakings are given subject to:
    (a) subject to our lien, if any, in respect of the insurances for which premiums are due;
    (b) subject to our continuing appointment for the time being as Insurance Company to the Named Insured.

On behalf of
Ingosstrakh Insurance Company

Deputy Divisional Director
V. Korsakov



СТРАХОВОЕ
ПУБЛИЧНОЕ
АКЦИОНЕРНОЕ
ОБЩЕСТВО

**ИНГОССТРАХ**
*Ingosstrakh*

INSURANCE
COMPANY

Россия, 115035 г. Москва, ул. Пятницкая, д. 12, стр. 2.
Для телеграмм: Москва, 35, Ингосстрах
Тел.: (495) 232 3211, 956 5555. Факс: 959 4518, 959 4405, 234 3600, 956 7777
Телекс: 411144 INGS RU, 412442 INGS RU. E-mail: ingos@ingos.ru,
http://www.ingos.ru

12-2, Pyatnitskaya ul., Moscow, 115035, Russia.
Cables: Moscow, 35, Ingosstrakh
Tel.: (495) 232 3211, 956 5555. Fax: 959 4518, 959 4405, 234 3600, 956 7777
Telex: 411144 INGS RU, 412442 INGS RU. E-mail: ingos@ingos.ru,
http://www.ingos.ru

**11 June 2021**

**TO WHOM IT MAY CONCERN**

<u>**MASTER CERTIFICATE OF INSURANCE**</u>
<u>**REFERENCE: 2021UTAIR MASTER (B)**</u>

**BASIS:**   This Certificate is issued by Ingosstrakh Insurance Company in our capacity as Leading Co-Insurer to UTair Aviation in respect of certain co-insurance policy issued by us.

**NAMED INSURED:**   UTAIR AVIATION and/or T.S. TECHNIK LLC and/or associated and/or affiliated and/or subsidiary and/or managed companies now existing or as may be hereafter constituted, jointly and severally, for their respective rights and interests.

**CO-INSURERS:**   Ingosstrakh Insurance Company (99% of 100%)
and
JSC Group of Insurance Companies UGORIA / AO UGORIA Insurance Company (1% of 100%)

**ORIGINAL POLICY:**   494-055932/21 dated 11.06.2021

**PARTICIPATION:**   AS ABOVE

**POLICY PERIOD:**   From 12 June 2021 to 11 June 2022, both days inclusive, local standard time at the address of the Named Insured.

**GEOGRAPHICAL LIMITS:**   Worldwide subject to LSW 617H - Tokio Marine Kiln - Exclusion Clause (09.07.15), exclusion of passenger flights to USA, Canada and their dependencies

1. Notwithstanding any provisions to the contrary and subject to clauses 2 and 3 below, this Policy excludes any loss, damage or expense howsoever occurring within the geographical limits of any of the following countries and regions:
(a) Algeria, Burundi, Far North Region of Cameroon, Central African Republic, Democratic Republic of Congo, Ethiopia, Kenya, Mali, Mauritania, Nigeria, Somalia, The Republic of Sudan, South Sudan.
(b) Colombia, Peru.
(c) Afghanistan, Jammu & Kashmir, North Korea, Pakistan.
(d) Abkhazia, Donetsk & Lugansk regions of Ukraine, Nagorno-Karabakh, ~~North Caucasian Federal District~~, South Ossetia.
(e) Iran, Iraq, Lebanon, Libya, North Sinai Province of Egypt (including Taba International Airport), Syria, Yemen.
(f) Any country where the operation of the insured Aircraft is in breach of United Nations sanctions.
2. However coverage pursuant to this Policy is granted:
(a) for the overflight of any excluded country where the flight is within an internationally recognised air corridor and is performed in accordance with I.C.A.O. recommendations; or

(b) in circumstances where an insured Aircraft has landed in an excluded country as a direct consequence and exclusively as a result of force majeure.

3. Any excluded country may be covered by underwriters at terms to be agreed by the Slip Leader only prior to flight.

**COVERAGES:**

**1. (a) HULL ALL RISKS:**

In respect of the Original Policy(ies) covering:

To cover Aircraft, as shown in the Schedule of Identifying Terms, owned and/or non-owned and/or operated for which the Insured is responsible against all risks of physical loss or damage whilst flying or on the ground. Cover is arranged on an Agreed Value basis and is subject to deductibles in respect of all losses (However, no Deductible shall apply to claims for physical loss of or damage to an Aircraft which is adjustable on the basis of any form of total loss) of the amount as shown in Section 2(a) of the Schedule Identifying Terms attached.

The policy is subject to the War, Hi-jacking and Other Perils Exclusion Clause (Aviation) AVN48B.

**(b) SPARES ALL RISKS** (in respect of Western built Aircraft only)**:**

In respect of the Original Policy covering:

Physical loss of or damage to aircraft engines, aircraft components, spare parts, flight spares kits (including whilst attached to the aircraft), buyer furnished equipment and equipment (including mobile equipment and unlicensed vehicles) and equipment destined to be fitted to or form part of an aircraft and/or used in connections with the servicing, maintenance or repair of aircraft, being the property of the Insured or property of others whilst in the care, custody or control of the Insured (including employees tools), including whilst in transit by whatever means.

Coverage is subject to a deductible of USD 10,000 each claim but USD 1,000 any one kit in respect of Flight spares kits, USD 2,500 each claim in respect of Buyer Furnished Equipment and USD 100 each claim in respect of employees' tools (Not applicable to claims for loss or damage caused by fire, wind, tornado, typhoon, cyclone, flood, hail, theft, lightning, explosion, earthquake, tidal wave or an accident to the carrying aircraft or other carrying conveyance) but engine ingestion damage arising whilst undergoing test running shall be subject to the applicable deductible for the type of aircraft in which such engine is normally installed but no deductible shall apply in the event of any form of total loss of an engine undergoing test running.

This section of the policy is subject to a maximum limit of: USD 30,000,000 any one location / transit. USD 20,000,000 any one item.

But in respect of:
(a) Flight Spares Kits: a Maximum of USD 1,000,000 any one kit;
(b) Buyer Furnished Equipment: a Maximum of USD 2,500,000 any one aircraft/location.

The policy is subject to the War, Hi-jacking and Other Perils Exclusion Clause (Aviation) AVN48B.

**2. HULL/SPARES WAR AND ALLIED RISKS:**

In respect of the Original Policy covering:

(a)  Aircraft as shown in the Schedule of Identifying Terms attached against War and Allied Perils, including Extortion and Hi-Jack extra expenses (Original Wording is Aviation Hull "War and Allied" Perils LSW555D).

The policy includes loss, damage or expense caused by confiscation, nationalisation, seizure, restraint, detention, appropriation, requisition for title or use by or under the authority of the Government of Registration, or any public or local authority under its jurisdiction.

(b)   Loss of or damage to aircraft engines, aircraft components, spare parts, flight spares kits (including whilst attached to the aircraft), buyer furnished equipment and equipment (including mobile equipment and unlicensed vehicles) and equipment destined to be fitted to or form part of an aircraft and/or used in connections with the servicing, maintenance or repair of aircraft, being the property of the Insured or property of others whilst in the care, custody or control of the Insured (including employees tools), including whilst in transit by whatever means. Cover is on a replacement cost basis except where owner specified agreed value applies. (Original Wording to be Aviation Hull "War and Allied" Perils LSW555D amended to include spares).

However, coverage under paragraph (a) of Section One of LSW555D applies only whilst such aircraft spare engines, spare parts, components, flyaway spares kits, engineers and mechanic tools and ground support equipment (including mobile equipment and licensed vehicles) are in transit by air or sea (as defined in the policy) within the Geographical Limits of this Policy (Original Wording is Aviation Hull "War and Allied" Perils LSW555D amended to include spares).

This section of coverage is in respect of western built aircraft only.

The Spares section of the policy is subject to a limit of: USD 30,000,000 any one location/ transit. USD 20,000,000 any one item.

The policy is subject to an aggregate limit of USD 150,000,000.

### 3. LIABILITES:

In respect of the Original Policy covering:

To pay all sums which the Insured shall become legally obligated to pay in respect of Bodily Injury and Property Damage, baggage, Cargo and Mail Liability (including declared values), Medical, Funeral and Repatriation Expenses, Personal Injury and Grounding Liability including Premises, Products and Hangarkeepers Liability (including in-flight), all as may arise from the Insured's Airline related operations, subject to the limitations contained in the Non-Aviation Liability Clause AVN59 (attached).

The Limit of Liability - a Combined Single Limit (Bodily Injury/Property Damage) of an amount as shown in Section 3(i) of the Schedule Identifying Terms attached. Personal Injury shall be subject to a limit of USD 25,000,000 in the aggregate for all offences in any one annual period of insurance but this limit shall not apply to passengers for whom the full Combined Single Limit shall apply.

Legal costs and expenses payable in addition.

War and Allied Perils are also covered in accordance with Extended Coverage Endorsement (Aviation Liabilities) AVN52E deleting all sub- paragraphs other than (b) of War, Hi-jacking and Other Perils Exclusion Clause (Aviation) AVN48B subject to all the terms and conditions of this Endorsement. The limit of Insurers' liability in respect of the coverage provided by this Endorsement shall be USD 250,000,000 any one occurrence and in the annual aggregate (the "sub-limit"). This sub-limit shall apply within the full Policy limit and not in addition thereto.

To the extent coverage is afforded to an Insured under the Policy, this sub- limit shall not apply to such Insured's liability to passengers (and for their baggage and personal effects) of any aircraft operator to whom the Policy affords cover for liability to its passengers arising out of its operation of aircraft and for cargo and mail while it is on board the aircraft of any aircraft operator to whom the Policy affords cover for liability for such cargo and mail, arising out of its operation of aircraft.

Note:   Policy limits provided on an "aggregate basis" may be eroded or exhausted by claims involving other Aircraft or other Named Insureds or other operational interest covered by the policy.

Deductibles (not applicable to claims arising from an aircraft accident or accident to other means of transportation or to loss or damage caused by fire, wind, tornado, cyclone, flood, lightning, earthquake, hail, storm, tempest, tidal wave or explosion or under Extended Coverage Endorsement (Aviation Liabilities) AVN52E);

(i)   Passenger Baggage/Personal Effects: USD 1,250 each claim;
(ii)   Cargo Liability (but not Mail): USD 10,000 each Air Waybill, each and every loss.

**4. AVIATION WAR, HIJACKING AND OTHER PERILS LIABILITY:**

In respect of the Original Policy covering:

WHEREAS the Named Insured has in force an Aviation Liability Insurance (the 'Primary Policy') which inter alia is subject to War, Hi-jacking and Other Perils Exclusion Clause (Aviation) AVN48B, with writebacks (other than paragraph b) in accordance with the Extended Coverage Endorsement (Aviation Liabilities) AVN52E.

NOW this Insurance is to indemnify the Insured for all sums which the Named Insured shall become legally liable to pay as damages for Bodily Injury or Property Damage, caused by an occurrence in excess of the Limitation of Liability contained in Section 3 of the Extended Coverage Endorsement (Aviation Liabilities) AVN52E, subject to the Sum Insured herein, as follows:

TO PAY THE DIFFERENCE BETWEEN:

(1) A Combined Single Limit (Bodily Injury/Property Damage) of an amount as shown in Section 3(ii) of the Schedule Identifying Terms attached.

AND

(2) A Combined Single Limit (Bodily Injury/Property Damage) of USD 250,000,000 any one occurrence and in the annual aggregate.

Costs and legal expenses payable in addition to the above limits.
This policy is subject to an overall annual aggregate of USD 650,000,000 over all sections of the policy/Aircraft insured hereunder.

Note:    Policy limits provided on an "aggregate basis" may be eroded or exhausted by claims involving other Aircraft or other Named Insureds or other operational interest covered by the policy.

Coverage is subject to DATE RECOGNITION EXCLUSION CLAUSE AVN2000A, DATE RECOGNITION LIMITED COVERAGE CLAUSE AVN2001A and AVN2002A as applicable.

Sanctions and Embargo Clause AVN111.

It is hereby noted and agreed that the Named Insured has entered into a Lease/Finance Contract in respect of Aircraft as shown in the Schedule of Identifying Terms and in connection therewith it is hereby noted that Airline Finance/Lease Contract Endorsement AVN67B has been included in the Original Policy as follows, with the Schedule of Identifying Terms being attached hereto:

**AIRLINE FINANCE/LEASE CONTRACT ENDORSEMENT**

It is noted that the **Contract Party(ies)** have an interest in respect of the **Equipment** under the **Contract(s)**. Accordingly, with respect to losses occurring during the period from the **Effective Date** until the expiry of the Insurance or until the expiry or agreed termination of the **Contract(s)** or until the obligations under the **Contract(s)** are terminated by any action of the Insured or the **Contract Party(ies)**, whichever shall first occur, in respect of the said interest of the **Contract Party(ies)** and in consideration of the **Additional Premium** it is confirmed that the Insurance afforded by the Policy is in full force and effect and it is further agreed that the following provisions are specifically endorsed to the Policy:-

1.    **Under the Hull/Hull War and Aircraft Spares Insurances**

1.1    In respect of any claim on **Equipment** that becomes payable on the basis of a Total Loss, settlement (net of any relevant Policy Deductible) shall be made to, or to the order of the **Contract Party(ies)**. In respect of any other claim, settlement (net of any relevant Policy Deductible) shall be made with such party(ies) as may be necessary to repair the **Equipment** unless otherwise agreed after consultation between the Co-Insurers and the Insured and, where necessary under the terms of the **Contract(s)**, the **Contract Party(ies)**.

Such payments shall only be made provided they are in compliance with all applicable laws and regulations.

1.2 Co-Insurers shall be entitled to the benefit of salvage in respect of any property for which a claims settlement has been made.

**2. Under the Legal Liability Insurance**

2.1 Subject to the provisions of this Endorsement, the Insurance shall operate in all respects as if a separate Policy had been issued covering each party insured hereunder, but this provision shall not operate to include any claim howsoever arising in respect of loss or damage to the **Equipment** insured under the Hull or Spares Insurance of the Insured. Notwithstanding the foregoing the total liability of Co-Insurers in respect of any and all Insureds shall not exceed the limits of liability stated in the Policy.

2.2 The Insurance provided hereunder shall be primary and without right of contribution from any other insurance which may be available to the **Contract Party(ies)**.

2.3 This Endorsement does not provide coverage for the **Contract Party(ies)** with respect to claims arising out of their legal liability as manufacturer, repairer, or servicing agent of the **Equipment**.

**3. Under ALL Insurances**

3.1 The **Contract Party(ies)** are included as Additional Insured(s).

3.2 The cover afforded to each **Contract Party** by the Policy in accordance with this Endorsement shall not be invalidated by any act or omission (including misrepresentation and non-disclosure) of any other person or party which results in a breach of any term, condition or warranty of the Policy PROVIDED THAT the **Contract Party** so protected has not caused, contributed to or knowingly condoned the said act or omission.

3.3 The provisions of this Endorsement apply to the **Contract Party(ies)** solely in their capacity as financier(s)/lessor(s) in the identified **Contract(s)** and not in any other capacity. Knowledge that any **Contract Party** may have or acquire or actions that it may take or fail to take in that other capacity (pursuant to any other contract or otherwise) shall not be considered as invalidating the cover afforded by this Endorsement.

3.4 The **Contract Party(ies)** shall have no responsibility for premium and Co-Insurers shall waive any right of set-off or counterclaim against the **Contract Party(ies)** except in respect of outstanding premium in respect of the **Equipment**.

3.5 Upon payment of any loss or claim to or on behalf of any **Contract Party(ies)**, Co-Insurers shall to the extent and in respect of such payment be thereupon subrogated to all legal and equitable rights of the **Contract Party(ies)** indemnified hereby (but not against any **Contract Party**). Co-Insurers shall not exercise such rights without the consent of those indemnified, such consent not to be unreasonably withheld. At the expense of those such **Contract Party(ies)** shall do all things reasonably necessary to assist the Co-Insurers to exercise said rights.

3.6 Except in respect of any provision for Cancellation or Automatic Termination specified in the Policy or any endorsement thereof, cover provided by this Endorsement may only be cancelled or materially altered in a manner adverse to the **Contract Party(ies)** by the giving of not less than Thirty (30) days notice (but seven (7) days or such lesser period as may be customarily available in respect of War and Allied Risks coverage) in writing to the **Appointed Broker**. Notice shall be deemed to commence from the date such notice is given by the Co-Insurers. Such notice will NOT, however, be given at normal expiry date of the Policy or any endorsement.

**EXCEPT AS SPECIFICALLY VARIED OR PROVIDED BY THE TERMS OF THIS ENDORSEMENT:**
1.   **THE CONTRACT PARTY(IES) ARE COVERED BY THE POLICY SUBJECT TO ALL TERMS, CONDITIONS, LIMITATIONS, WARRANTIES, EXCLUSIONS AND CANCELLATION PROVISIONS THEREOF.**

2.   THE POLICY SHALL NOT BE VARIED BY ANY PROVISIONS CONTAINED IN THE CONTRACT(S) WHICH PURPORT TO SERVE AS AN ENDORSEMENT OR AMENDMENT TO THE POLICY.

## NON-AVIATION LIABILITY CLAUSE

This Policy does not cover the Insured's liability unless it arises from one or more of the following:

1. Occurrences involving aircraft or parts or equipment relating thereto.
2. Occurrences arising at airport locations.
3. Occurrences arising at any other location in connection with the Insured's business of transporting passengers or goods by air.
4. Occurrences arising out of the supply of goods or services to others (i) in connection with the use and/or operation of aircraft (ii) involved in the air transport industry.

**AVN 59 1.10.96**

Subject to the terms, conditions, limitations and exclusions of the relative policies.

On behalf of
Ingosstrakh Insurance Company

_____
Deputy Divisional Director
V. Korsakov

# Exhibit "B"



The Walbrook Building
25 Walbrook
London EC4N 8AW
www.ajg.com

12 June, 2021


TO WHOM IT MAY CONCERN


**MASTER CERTIFICATE OF REINSURANCE REFERENCE:  2021UTAIR MASTER (B)**


BASIS:                This Certificate is issued by Arthur J. Gallagher (UK) Limited in our capacity as Reinsurance Brokers to Ingosstrakh Insurance Company in respect of certain insurance policies issued by them to the Original Insured.

DESCRIPTION OF
COVERAGE        Subject to the terms, conditions, limitations, exclusions and cancellation provisions of the Policies.

ORIGINAL
INSURED:        UTAIR AVIATION and T.S. TECHNIK LLC and associated and affiliated and subsidiary and managed companies now existing or as may be hereafter constituted, jointly and severally, for their respective rights and interests.

REINSURED:        Ingosstrakh Insurance Company

PERIOD OF
REINSURANCE:        From 12 June, 2021 to 11 June, 2022 both days inclusive at Local Standard Time at the address of the Original Insured.

GEOGRAPHICAL
LIMITS:                Worldwide subject to LSW 617H - Tokio Marine Kiln - Geographical Exclusion Clause (09.07.15) but writing back North Caucasian Federal District and excluding passenger flights to USA, Canada and their Independencies.
.

    1.    Notwithstanding any provisions to the contrary and subject to clauses 2 and 3 below, this Policy excludes any loss, damage or expense howsoever occurring within the geographical limits of any of the following countries and regions:

        (a)    Algeria, Burundi, Far North Region of Cameroon, Central African Republic, Democratic Republic of Congo, Ethiopia, Kenya,  Mali, Mauritania, Nigeria, Somalia, The Republic of Sudan, South Sudan.

        (b)    Colombia, Peru.

        (c)    Afghanistan,  Jammu & Kashmir,  North Korea,  Pakistan.

Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk

©2019 Arthur J. Gallagher & Co. All rights reserved.



(d)     Abkhazia, Donetsk & Lugansk regions of Ukraine, Nagorno-
Karabakh, ~~North Caucasian Federal District~~, South Ossetia.

(e)     Iran, Iraq, Lebanon, Libya, North Sinai Province of Egypt
(including Taba International Airport),  Syria, Yemen.

(f)     Any country where the operation of the insured Aircraft is in
breach of United Nations sanctions.

2.     However coverage pursuant to this Policy is granted:

(a)     for the overflight of any excluded country where the flight is
within an internationally recognised air corridor and is
performed in accordance with I.C.A.O. recommendations; or

(b)     in circumstances where an insured Aircraft has landed in an
excluded country as a direct consequence and exclusively as
a result of force majeure.

3.     Any excluded country may be covered by underwriters at terms to be
agreed by the Slip Leader only prior to flight.


COVERAGE:     1.   (a) HULL ALL RISKS:

In respect of the Original Policy(ies) covering:

To cover Aircraft, as shown in the Schedule of Identifying Terms, owned
and/or non-owned and/or operated for which the Insured is responsible
against all risks of physical loss or damage whilst flying or on the ground.
Cover is arranged on an Agreed Value basis and is subject to deductibles in
respect of all losses (However, no Deductible shall apply to claims for
physical loss of or damage to an Aircraft which is adjustable on the basis of
any form of total loss) of the amount as shown in Section 2(a) of the
Schedule Identifying Terms attached.

The policy is subject to the War, Hi-jacking and Other Perils Exclusion
Clause (Aviation) AVN48B.

Reinsured Amount: 94.05% of 100% of Agreed Values.

Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook
Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk
©2019 Arthur J. Gallagher & Co. All rights reserved.



(b) SPARES AND EQUIPMENT:

In respect of the Original Policy covering:

Physical loss of or damage to Spares being engines, aircraft components, spare parts, flight spares kits (including whilst attached to the aircraft), buyer furnished equipment and equipment (including mobile equipment, unlicensed vehicles) and equipment destined to be fitted to or form part of an aircraft and/or used in connection with the servicing, maintenance or repair of aircraft, being the property of the Insured or property of others whilst in the care, custody or control of the Insured (including employees tools) including whilst in transit by whatever means.

Coverage is subject to a deductible of USD 10,000 each claim but
USD 1,000 any one kit in respect of flight spares kits, USD 2,500 each claim in respect of Buyer Furnished Equipment and USD 100 each claim in respect of employees' tools (Not applicable to claims for loss or damage caused by fire, wind, tornado, typhoon, cyclone, flood, hail, theft, lightning, explosion, earthquake, tidal wave or an accident to the carrying aircraft or other carrying conveyance) but engine ingestion damage arising whilst undergoing test running shall be subject to the applicable deductible for the type of aircraft in which such engine is normally installed but no deductible shall apply in the event of any form of total loss of an engine undergoing test running.

This section of the policy is subject to a maximum limit of: USD30,000,000 any one location / transit. USD 20,000,000 any one item.

But in respect of:-
(a) Flight Spares Kits: a Maximum of USD 1,000,000 any one kit,
(b) Buyer Furnished Equipment: a Maximum of USD 2,500,000 any one
    aircraft/location

The policy is subject to the War, Hi-jacking and Other Perils Exclusion Clause (Aviation) AVN48B.

Reinsured Amount: 94.05% of 100% of Sum Insured.


2.   HULL/SPARES WAR AND ALLIED RISKS

In respect of the Original Policy covering:

(a) Aircraft as shown in the Schedule of Identifying Terms attached against War and Allied Perils, including Extortion and Hi-Jack extra expenses (Original Wording is Aviation Hull "War and Allied" Perils LSW555D).

The policy includes loss, damage or expense caused by confiscation, nationalisation, seizure, restraint, detention, appropriation, requisition for title or use by or under the authority of the Government of Registration, or any public or local authority under its jurisdiction.

Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk

©2019 Arthur J. Gallagher & Co. All rights reserved.



(b)  Loss of or damage to aircraft engines, aircraft components, spare parts, flight spares kits (including whilst attached to the aircraft), buyer furnished equipment and equipment (including mobile equipment and unlicensed vehicles) and equipment destined to be fitted to or form part of an aircraft and/or used in connections with the servicing, maintenance or repair of aircraft, being the property of the Insured or property of others whilst in the care, custody or control of the Insured (including employees tools), including whilst in transit by whatever means.. Cover is on a replacement cost basis except where owner specified agreed value applies. (Original Wording to be Aviation Hull "War and Allied" Perils LSW555D amended to include spares)

However, coverage under paragraph (a) of Section One of LSW555D applies only whilst such aircraft spare engines, spare parts, components, flight spares kits, engineers and mechanic tools and ground support equipment (including mobile equipment and licensed vehicles) are in transit by air or sea (as defined in the policy) within the Geographical Limits of this Policy (Original Wording is Aviation Hull "War and Allied" Perils LSW555D amended to include spares).

The Spares section of the policy is subject to a limit of: USD 30,000,000 any one location / transit. USD 20,000,000 any one item

The policy is subject to an aggregate limit of USD 150,000,000.

Reinsured Amount 94.05% of 100% of Agreed Value / Sum Insured

3.  LIABILITIES:
     In respect of the Original Policy covering:

To pay all sums which the Insured shall become legally obligated to pay in respect of Bodily Injury and Property Damage, baggage, Cargo and Mail Liability (including declared values), Medical, Funeral and Repatriation Expenses, Personal Injury and Grounding Liability including Premises, Products and Hangarkeepers Liability (including in-flight), all as may arise from the Insured's Airline related operations, subject to the limitations contained in the Non-Aviation Liability Clause AVN59 (attached),

The Limit of Liability - a Combined Single Limit (Bodily Injury/Property Damage) of an amount as shown in Section 3(i) of the Schedule Identifying Terms attached. Personal Injury shall be subject to a limit of USD 25,000,000 in the aggregate for all offences in any one annual period of insurance but this limit shall not apply to passengers for whom the full Combined Single Limit shall apply.

Legal costs and expenses payable in addition.



War and Allied Perils are also covered in accordance with Extended Coverage Endorsement (Aviation Liabilities) AVN52E deleting all sub-paragraphs other than (b) of War, Hi-jacking and Other Perils Exclusion Clause (Aviation) AVN48B subject to all the terms and conditions of this Endorsement. The limit of Insurers' liability in respect of the coverage provided by this Endorsement shall be USD 250,000,000 any one occurrence and in the annual aggregate (the "sub-limit"). This sub-limit shall apply within the full Policy limit and not in addition thereto.

To the extent coverage is afforded to an Insured under the Policy, this sub-limit shall not apply to such Insured's liability to passengers (and for their baggage and personal effects) of any aircraft operator to whom the Policy affords cover for liability to its passengers arising out of its operation of aircraft and for cargo and mail while it is on board the aircraft of any aircraft operator to whom the Policy affords cover for liability for such cargo and mail, arising out of its operation of aircraft

Note: Policy limits provided on an "aggregate basis" may be eroded or exhausted by claims involving other Aircraft or other Named Insureds or other operational interest covered by the policy.

Deductibles (not applicable to claims arising from an aircraft accident or accident to other means of transportation or to loss or damage caused by out of fire, lightning, explosion, wind, tornado, storm, flood, cyclone, typhoon, hail, theft, earthquake or tidal wave or under Extended Coverage Endorsement (Aviation Liabilities) AVN52E);

(i)     Passenger Baggage/Personal Effects: USD 1,250 each claim.
(ii)    Cargo Liability (but not Mail): USD 10,000 each Air Waybill each and every loss.

Reinsured Amount: 94.05% of 100% of Sum Insured.

4.    AVIATION WAR, HIJACKING AND OTHER PERILS LIABILITY

In respect of the Original Policy covering:

WHEREAS the Original Insured has in force an Aviation Liability Insurance (the 'Primary Policy') which inter alia is subject to War, Hi-jacking and Other Perils Exclusion Clause (Aviation) AVN48B, with writebacks (other than paragraph b) in accordance with the Extended Coverage Endorsement (Aviation Liabilities) AVN52E.

NOW this Insurance is to indemnify the Insured for all sums which the Original Insured shall become legally liable to pay as damages for Bodily Injury or Property Damage, caused by an occurrence in excess of the Limitation of Liability contained in Section 3 of the Extended Coverage Endorsement (Aviation Liabilities) AVN52E, subject to the Sum Reinsured herein, as follows:-



TO PAY THE DIFFERENCE BETWEEN:

(1)   A Combined Single Limit (Bodily Injury/Property Damage) of an amount as shown in Section 3(ii) of the Schedule Identifying Terms attached.

AND

(2)   A Combined Single Limit (Bodily Injury/Property Damage) of USD 250,000,000 any one occurrence and in the annual aggregate.

Costs and legal expenses payable in addition to the above limits.

This policy is subject to an overall annual aggregate of USD 650,000,000 over all sections of the policy/Aircraft insured hereunder.

Note: Policy limits provided on an "aggregate basis" may be eroded or exhausted by claims involving other Aircraft or other Named Insureds or other operational interest covered by the policy.

Reinsured Amount: 99% of 100% of Sum Insured

Coverage is subject to DATE RECOGNITION EXCLUSION CLAUSE AVN2000A AND DATE RECOGNITION LIMITED COVERAGE CLAUSES AVN2001A and AVN2002A as applicable.

Sanctions and Embargo Clause AVN111(R).

Reinsurers note and agree that the Original Insured has entered into a Lease/Finance Contract in respect of Aircraft as shown in the Schedule of Identifying Terms and in connection therewith it is noted that Airline Finance/Lease Contract Endorsement AVN67B has been included in the Original Policy as follows, with the Schedule of Identifying Terms being attached hereto:

2021UTAIR MASTER 67B BOEING (B)

Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk

6

©2019 Arthur J. Gallagher & Co. All rights reserved.



**AIRLINE FINANCE/LEASE CONTRACT ENDORSEMENT**

It is noted that the **Contract Party(ies)** have an interest in respect of the **Equipment** under the **Contract(s)**. Accordingly, with respect to losses occurring during the period from the **Effective Date** until the expiry of the Insurance or until the expiry or agreed termination of the **Contract(s)** or until the obligations under the **Contract(s)** are terminated by any action of the Insured or the **Contract Party(ies)**, whichever shall first occur, in respect of the said interest of the **Contract Party(ies)** and in consideration of the **Additional Premium** it is confirmed that the Insurance afforded by the Policy is in full force and effect and it is further agreed that the following provisions are specifically endorsed to the Policy:-

**1.    Under the Hull/Hull War and Aircraft Spares Insurances**

1.1    In respect of any claim on **Equipment** that becomes payable on the basis of a Total Loss, settlement (net of any relevant **Policy Deductible**) shall be made to, or to the order of the **Contract Party(ies)**. In respect of any other claim, settlement (net of any relevant **Policy Deductible**) shall be made with such party(ies) as may be necessary to repair the **Equipment** unless otherwise agreed after consultation between the Insurers and the Insured and, where necessary under the terms of the **Contract(s)**, the **Contract Party(ies)**.

Such payments shall only be made provided they are in compliance with all applicable laws and regulations.

1.2    Insurers shall be entitled to the benefit of salvage in respect of any property for which a claims settlement has been made.

**2.    Under the Legal Liability Insurance**

2.1    Subject to the provisions of this Endorsement, the Insurance shall operate in all respects as if a separate Policy had been issued covering each party insured hereunder, but this provision shall not operate to include any claim howsoever arising in respect of loss or damage to the **Equipment** insured under the Hull or Spares Insurance of the Insured. Notwithstanding the foregoing the total liability of Insurers in respect of any and all Insureds shall not exceed the limits of liability stated in the Policy.

2.2    The Insurance provided hereunder shall be primary and without right of contribution from any other insurance which may be available to the **Contract Party(ies).**

2.3    This Endorsement does not provide coverage for the **Contract Party(ies)** with respect to claims arising out of their legal liability as manufacturer, repairer, or servicing agent of the **Equipment.**

**3.    Under ALL Insurances**

3.1    The **Contract Party(ies)** are included as Additional Insured(s).

Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk
©2019 Arthur J. Gallagher & Co. All rights reserved.



3.2 The cover afforded to each **Contract Party** by the Policy in accordance with this Endorsement shall not be invalidated by any act or omission (including misrepresentation and non-disclosure) of any other person or party which results in a breach of any term, condition or warranty of the Policy PROVIDED THAT the **Contract Party** so protected has not caused, contributed to or knowingly condoned the said act or omission.

3.3 The provisions of this Endorsement apply to the **Contract Party(ies)** solely in their capacity as financier(s)/lessor(s) in the identified **Contract(s)** and not in any other capacity. Knowledge that any **Contract Party** may have or acquire or actions that it may take or fail to take in that other capacity (pursuant to any other contract or otherwise shall not be considered as invalidating the cover afforded by this Endorsement.

3.4 The **Contract Party(ies)** shall have no responsibility for premium and Insurers shall waive any right of set-off or counterclaim against the **Contract Party(ies)** except in respect of outstanding premium in respect of the **Equipment**.

3.5 Upon payment of any loss or claim to or on behalf of any **Contract Party(ies),** Insurers shall to the extent and in respect of such payment be thereupon subrogated to all legal and equitable rights of the **Contract Party(ies)** indemnified hereby (but not against any **Contract Party**). Insurers shall not exercise such rights without the consent of those indemnified, such consent not to be unreasonably withheld. At the expense of Insurers such **Contract Party(ies)** shall do all things reasonably necessary to assist the Insurers to exercise said rights.

3.6 Except in respect of any provision for Cancellation or Automatic Termination specified in the Policy or any endorsement thereof, cover provided by this Endorsement may only be cancelled or materially altered in a manner adverse to the **Contract Party(ies)** by the giving of not less than Thirty (30) days notice, but seven (7) days or such lesser period as may be customarily available in respect of War and Allied Risks coverage in writing to the **Appointed Broker**. Notice shall be deemed to commence from the date such notice is given by the Insurers.

Such notice will NOT, however, be given at normal expiry date of the Policy or any endorsement.

**EXCEPT AS SPECIFICALLY VARIED OR PROVIDED BY THE TERMS OF THE ENDORSEMENT:-**

1. **THE CONTRACT PARTY(IES) ARE COVERED BY THE POLICY SUBJECT TO ALL TERMS, CONDITIONS, LIMITATIONS, WARRANTIES, EXCLUSIONS AND CANCELLATION PROVISIONS THEREOF.**
2. **THE POLICY SHALL NOT BE VARIED BY ANY PROVISIONS CONTAINED IN THE CONTRACT(S) WHICH PURPORT TO SERVE AS AN ENDORSEMENT OR AMENDMENT TO THE POLICY.**

Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk
©2019 Arthur J. Gallagher & Co. All rights reserved.



The following provisions are included herein:-

(i)      Fifty/Fifty Provision Claims Settlement Clause AVS103.

(ii)     It is hereby noted and agreed that the following Cut Through Clause shall apply in respect of Hull/Spares Risks and Hull/Spares War and Allied Risks coverages:-

The Reinsurers and the Reinsured hereby agree that in the event of any valid claim arising under the reinsurances in respect of a total loss or other valid claim where as provided by the Agreements such claim is to be paid to the person named as Loss Payee under the Original Policy, the Reinsurers shall in lieu of payment to the Reinsured, its successors in interest and assigns pay to the person named as Loss Payee or such person's assignee under the Original Policy effected by the Insured that portion of any loss due for which the Reinsurers would otherwise be liable to pay the Reinsured (subject to proof of loss), it being understood and agreed that such payment by the Reinsurers shall (to the extent of such payment) fully discharge and release the Reinsurers from any and all further liability in connection therewith.

To provide for payment to be made notwithstanding;

(a)  any bankruptcy, insolvency, liquidation, dissolution, receivership, administration or similar of the Reinsured, and/or

(b)  that the Reinsured has made no payment under the Original insurance Policy(ies).

Any payment due under this clause shall not contravene any law, statute or decree of the Government of Russia.

Subject to the policy coverage, terms, conditions, limitations and exclusions.

For and on behalf of Arthur J. Gallagher (UK) Limited

Authorised Signatory

This certificate of reinsurance is issued by Arthur J. Gallagher (UK) Limited in our capacity as reinsurance brokers subject to the terms, conditions, limitations, exclusions and cancellation provisions of the Policy(ies). In the event that the Original Insurance Policy effected with the Reinsured is terminated or cancelled for any reason, the reinsurance coverage certified under this Certificate will also be terminated or cancelled from the same time and date.

The Policy(ies) are subject to (Re)Insurers Liability Clause LMA 3333 21/06/07.

The Policy(ies) are subject to Sanctions and Embargo Clause AVN111.



The Walbrook Building
25 Walbrook
London EC4N 8AW
www.ajg.com

12 June, 2021

TO:        EACH OF THE PARTIES SHOWN WITHIN THE ATTACHED CERTIFICATE
           ADDENDUM

<u>**MASTER LETTER OF UNDERTAKING**</u>
<u>**2021UTAIR MASTER (B) /MLOU**</u>

Dear Sirs,

<u>EQUIPMENT:</u>
<u>As shown within the Certificate Addendum</u>

<u>OPERATOR:</u>
<u>The Insured as shown within the Master Certificate of Reinsurance Reference</u>
<u>2021UTAIR MASTER (B)</u>

We confirm that, as Reinsurance Brokers, we have effected Reinsurances in the name of JSC Group of Insurance Companies UGORIA / AO UGORIA Insurance Company (the "Reinsured"), and confirm that the Reinsurances are in effect on and in respect of the Equipment as set out in our Certificate of Reinsurance reference 2021UTAIR MASTER (B) and related Certificate Addendum.

In connection with the Reinsurances covered by this letter we hereby undertake as follows, but only in so far as the same relate to your interest(s) in the Equipment:-

1.        In relation to the Hull and Hull War Risks Reinsurances, to hold the benefit of those Reinsurances to your order in accordance with the Loss Payable provision and Cut-Through Clause incorporated in the Certificate Addendum attaching to the Master Certificate of Reinsurance 2021UTAIR MASTER (B).

2.        To advise you promptly, at the e-mail address contained within the Schedule of Addressees attached to Certificate Addendum:

          2.1.    of the receipt by us of any notice of cancellation or material change in the Reinsurances;

          2.2.    if we cease to be Reinsurance Brokers to the Reinsured;

3.        Following a written application received from you not later than 21 days before expiry of the Reinsurances, to notify you at the e-mail address contained within the Schedule of Addressees attached to Certificate Addendum, within fourteen days of the receipt of such application in the event of our not having received renewal instructions from the Reinsured.

Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk

©2019 Arthur J. Gallagher & Co. All rights reserved.



The above undertakings are given:-

(a)    subject to our lien, if any, in respect of the Reinsurances for which premiums are due.

(b)    subject to our continuing appointment for the time being as Reinsurance Broker to the Reinsured.

This letter shall be governed by and construed in accordance with English Law and any disputes arising out of or in any way connected with this undertaking shall be submitted to the exclusive jurisdiction of the English courts.

For and on behalf of Arthur J. Gallagher (UK) Limited

Authorised Signatory

2021UTAIR MASTER 67B BOEING (B)
Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk

11

©2019 Arthur J. Gallagher & Co. All rights reserved.



### NON-AVIATION LIABILITY CLAUSE

This Policy does not cover the Insured's liability unless it arises from one or more of the following:-

1.    Occurrences involving aircraft or parts or equipment relating thereto.

2.    Occurrences arising at airport locations.

3.    Occurrences arising at any other location in connection with the Insured's business of transporting passengers or goods by air.

4.    Occurrences arising out of the supply of goods or services to others (i) in connection with the use and/or operation of aircraft (ii) involved in the air transport industry.

**AVN 59**
**1.10.96**

Arthur J. Gallagher (UK) Limited is authorised and regulated by the Financial Conduct Authority. Registered Office: The Walbrook Building, 25 Walbrook, London EC4N 8AW. Registered in England and Wales. Company Number: 1193013. www.ajg.com/uk

©2019 Arthur J. Gallagher & Co. All rights reserved.

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

        Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

        Defendants.

_____/

## <u>NOTICE OF APPEARANCE OF COUNSEL FOR PLAINTIFFS</u>

      Steven C. Marks, Esq., of Podhurst Orseck, P.A., hereby gives notice of his appearance as

counsel for Plaintiffs, Carlyle Aviation Partners LLC, Carlyle Aviation Partners Ltd., Carlyle

Aviation Management Limited, SASOF IV (E) Aviation Ireland DAC, SASOF III (A10) Aviation

Ireland DAC, Lapis Aircraft Leasing Limited, Ltd., SASOF III (A21) Aviation Ireland DAC, and

Fly Aircraft Holdings Thirty One Limited, Ltd. (collectively the "Carlyle Plaintiffs"). Counsel also

hereby files this designation of e-mail addresses in accordance with Florida Rules of Judicial

Administration 2.516, and requests copies of all filings be served as follows:

      Primary Electronic Mail Address:        smarks@podhurst.com

      Secondary Electronic Mail Address:      laja@podhurst.com
                                                jpupo@podhurst.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2023, this document was filed using

the Florida Courts E-Filing Portal and that a copy of the foregoing has been electronically served

on all counsel of record.

                                        Respectfully submitted,

                                        **PODHURST ORSECK, P.A.**
                                        Counsel for Plaintiff
                                        One Southeast 3rd Avenue, Suite 2300
                                        Miami, Florida 33131
                                        (305) 358-2800/ Fax (305) 358-2382

                                        By: */s/ Steven C. Marks*          

                                          STEVEN C. MARKS
                                          Fla. Bar. No. 516414
                                          smarks@podhurst.com
                                          KRISTINA M. INFANTE
                                          Fla. Bar No. 112557
                                          kinfante@podhurst.com
                                          PABLO ROJAS
                                          Fla. Bar. No. 1022427
                                          projas@podhurst.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

        Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

        Defendants.
_____/

## NOTICE OF APPEARANCE OF COUNSEL FOR PLAINTIFFS

    Notice is hereby given that Kristina M. Infante, Esq., of Podhurst Orseck, P.A., hereby

gives notice of her appearance as counsel for Plaintiffs, Carlyle Aviation Partners LLC, Carlyle

Aviation Partners Ltd., Carlyle Aviation Management Limited, SASOF IV (E) Aviation Ireland

DAC, SASOF III (A10) Aviation Ireland DAC, Lapis Aircraft Leasing Limited, Ltd., SASOF III

(A21) Aviation Ireland DAC, and Fly Aircraft Holdings Thirty One Limited, Ltd. (collectively the

"Carlyle Plaintiffs"). Counsel also hereby files this designation of e-mail addresses in accordance

with Florida Rules of Judicial Administration 2.516, and requests copies of all filings be served as follows:

Primary Electronic Mail Address:   kinfante@podhurst.com

Secondary Electronic Mail Address:  laja@podhurst.com
               jholder@podhurst.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2023, this document was filed using the Florida Courts E-Filing Portal and that a copy of the foregoing has been electronically served on all counsel of record.

Respectfully submitted,

**PODHURST ORSECK, P.A.**
Counsel for Plaintiff
One Southeast 3rd Avenue, Suite 2300
Miami, Florida 33131
(305) 358-2800/ Fax (305) 358-2382

By: */s/ Kristina M. Infante*

STEVEN C. MARKS
Fla. Bar. No. 516414
smarks@podhurst.com
KRISTINA M. INFANTE
Fla. Bar No. 112557
kinfante@podhurst.com
PABLO ROJAS
Fla. Bar. No. 1022427
projas@podhurst.com

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

## **NOTICE OF APPEARANCE OF COUNSEL FOR PLAINTIFFS**

Pablo Rojas, Esq., of Podhurst Orseck, P.A., hereby gives notice of his appearance as

counsel for Plaintiffs, Carlyle Aviation Partners LLC, Carlyle Aviation Partners Ltd., Carlyle

Aviation Management Limited, SASOF IV (E) Aviation Ireland DAC, SASOF III (A10) Aviation

Ireland DAC, Lapis Aircraft Leasing Limited, Ltd., SASOF III (A21) Aviation Ireland DAC, and

Fly Aircraft Holdings Thirty One Limited, Ltd. (collectively the "Carlyle Plaintiffs"). Counsel also

hereby files this designation of e-mail addresses in accordance with Florida Rules of Judicial Administration 2.516, and requests copies of all filings be served as follows:

Primary Electronic Mail Address:           projas@podhurst.com

Secondary Electronic Mail Address:       laja@podhurst.com
                                         jholder@podhurst.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13<u>th</u> day of July, 2023, this document was filed using the Florida Courts E-Filing Portal and that a copy of the foregoing has been electronically served on all counsel of record.

Respectfully submitted,

**PODHURST ORSECK, P.A.**
Counsel for Plaintiff
One Southeast 3rd Avenue, Suite 2300
Miami, Florida 33131
(305) 358-2800/ Fax (305) 358-2382

By: */s/ Pablo Rojas*

STEVEN C. MARKS
Fla. Bar. No. 516414
smarks@podhurst.com
KRISTINA M. INFANTE
Fla. Bar No. 112557
kinfante@podhurst.com
PABLO ROJAS
Fla. Bar. No. 1022427
projas@podhurst.com

Filing # 177322466 E-Filed 07/13/2023 10:28:17 AM

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

**Best Meridian Insurance Company**

By Serving:
Registered Agent, Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By:_____
        Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–

Case 1:23-cv-22962-RAR   Document 1-2   Entered on FLSD Docket 08/08/2023   Page 56 of 87

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

**<u>SUMMONS</u>**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

**Best Meridian International Insurance Company SPC**

By Serving:
Artex Risk Solutions Limited
171 Elgin Avenue
Georgetown, Grand Cayman KY1-1002
Cayman Islands

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By:_____
        Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

   Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

   Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

   YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

      **Best Meridian International Insurance Company SPC**

By Serving:
Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By:_____
        Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

**BMI Financial Group, Inc.**

By Serving:
Registered Agent, Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By:_____
Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court

Case Number: 2023-019482-CA-01

Plaintiff:
**Carlyle Aviation Partners, LLC, et al**

vs.

Defendant:
**Best Meridian Insurance Company,
BMI Financial Group, Inc.,
Best Meridian International Insurance Company SPC.**

For:
Steven C. Marks
Podhurst Orseck, P.A.

Received by DLE Process Servers, Inc on the 18th day of July, 2023 at 12:00 pm to be served on **Best Meridian International Insurance Company SPC c/o Andrew Sierra, 8950 Sw 74th Court, 24th Floor, Miami, FL 33156.**

I, Rafael Perez, do hereby affirm that on the **18th day of July, 2023** at **3:08 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint and Exhibits.** with the date and hour of service endorsed thereon by me, to: **Keana Vakura** as **Secretary Authorized** for **Best Meridian International Insurance Company SPC,** at the address of: **8950 Sw 74th Court, 24th Floor, Miami, FL 33156,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Rafael Perez**
Certified P.S.10017

**DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705**

Our Job Serial Number: DLE-2023033804

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

        Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

        Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on defendant:

**Best Meridian International Insurance Company SPC**

By Serving:
Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____JUL 1 8 2023_____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By: _____
Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–

## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2023-019482-CA-01

Plaintiff:
**Carlyle Aviation Partners, LLC, et al**

vs.

Defendant:
**Best Meridian Insurance Company,**
**BMI Financial Group, Inc.,**
**Best Meridian International Insurance Company SPC.**

For:
Steven C. Marks
Podhurst Orseck, P.A.

Received by DLE Process Servers, Inc on the 18th day of July, 2023 at 12:00 pm to be served on **Best Meridian Insurance Company c/o Andrew Sierra, 8950 Sw 74th Court, 24th Floor, Miami, FL 33156.**

I, Rafael Perez, do hereby affirm that on the **18th day of July, 2023** at **3:08 pm, I:**

served a CORPORATION by delivering a true copy of the **Summons, Complaint and Exhibits.** with the date and hour of service endorsed thereon by me, to: **Keana Vakura** as **Secretary Authorized** for **Best Meridian Insurance Company**, at the address of: **8950 Sw 74th Court, 24th Floor, Miami, FL 33156**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Rafael Perez**
Certified P.S.10017

**DLE Process Servers, Inc**
**936 Sw 1st Avenue**
**#261**
**Miami, FL 33130**
**(786) 220-9705**

Our Job Serial Number: DLE-2023033802

3:08P
Rafael
Kaanci'

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

        Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

        Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

        YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

**Best Meridian Insurance Company**

By Serving:
Registered Agent, Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____JUL 1 8 2023_____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By: _____

Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

### **Best Meridian Insurance Company**

By Serving:
Registered Agent, Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

7/19/2023

WITNESS my hand and the seal of this Court on _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

38084

By:_____
         Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

**Best Meridian International Insurance Company SPC**

By Serving:
Artex Risk Solutions Limited
171 Elgin Avenue
Georgetown, Grand Cayman KY1-1002
Cayman Islands

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____7/19/2023_____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By:_____
Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–

## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2023-019482-CA-01

Plaintiff:
**Carlyle Aviation Partners, LLC, et al**

vs.

Defendant:
**Best Meridian Insurance Company,**
**BMI Financial Group, Inc.,**
**Best Meridian International Insurance Company SPC.**

For:
Steven C. Marks
Podhurst Orseck, P.A.

Received by DLE Process Servers, Inc on the 18th day of July, 2023 at 12:00 pm to be served on **BMI Financial Group, Inc c/o Andrew Sierra, 8950 Sw 74th Court, 24th Floor, Miami, FL 33156**.

I, Rafael Perez, do hereby affirm that on the **18th day of July, 2023** at **3:08 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint and Exhibits.** with the date and hour of service endorsed thereon by me, to: **Keana Vakura** as **Secretary Authorized** for BMI Financial Group, Inc, at the address of: **8950 Sw 74th Court, 24th Floor, Miami, FL 33156**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Rafael Perez**
Certified P.S.10017

**DLE Process Servers, Inc**
**936 Sw 1st Avenue**
**#261**
**Miami, FL 33130**
**(786) 220-9705**

Our Job Serial Number: DLE-2023033803

Recd-P
3:08pm
Geanci-V

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

        Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

        Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

     YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

### BMI Financial Group, Inc.

By Serving:
Registered Agent, Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____ JUL 1 8 2023 _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By: _____
Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

       **Best Meridian International Insurance Company SPC**

By Serving:
Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

7/21/2023

WITNESS my hand and the seal of this Court on _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By:_____
        Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–

Case 1:23-cv-22962-RAR Document 1-2 Entered on FLSD Docket 08/08/2023 Page 77 of 87

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

## **SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

       YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

       **Best Meridian International Insurance Company SPC**

By Serving:
Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

7/21/2023

WITNESS my hand and the seal of this Court on _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By:_____
        Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–

**RETURN OF SERVICE**

State of Florida                   County of Miami-Dade                   Circuit Court

Case Number: 2023-019482-CA-01

Plaintiff:
**Carlyle Aviation Partners, LLC, et al**

vs.

Defendant:
**Best Meridian Insurance Company,
BMI Financial Group, Inc.,
Best Meridian International Insurance Company SPC.**

For:
Steven C. Marks
Podhurst Orseck, P.A.

Received by DLE Process Servers, Inc on the 18th day of July, 2023 at 5:18 pm to be served on **Best Meridian Insurance Company c/o Andrew Sierra, 8950 Sw 74th Court, 24th Floor, Miami, FL 33156**.

I, Rafael Perez, do hereby affirm that on the **19th day of July, 2023** at **10:28 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint and Exhibits.** with the date and hour of service endorsed thereon by me, to: **Keana Bakura** as **Records Custodian** for **Best Meridian Insurance Company**, at the address of: **8950 Sw 74th Court, 24th Floor, Miami, FL 33156**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good stan ding, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Rafael Perez**
Certified P.S.10017

**DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705**

Our Job Serial Number: DLE-2023033961

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

   Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

   Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

  YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

### Best Meridian Insurance Company

By Serving:
Registered Agent, Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter. If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____ JUL 1 8 2023 _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By: _____
Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

<u>RETURN OF SERVICE</u>

State of Florida      County of Miami-Dade      Circuit Court

Case Number: 2023-019482-CA-01

Plaintiff:
**Carlyle Aviation Partners, LLC, et al**

vs.

Defendant:
**Best Meridian Insurance Company,
BMI Financial Group, Inc.,
Best Meridian International Insurance Company SPC.**

For:
Steven C. Marks
Podhurst Orseck, P.A.

Received by DLE Process Servers, Inc on the 18th day of July, 2023 at 5:18 pm to be served on **Best Meridian International Insurance Company SPC c/o Andrew Sierra, 8950 Sw 74th Court, 24th Floor, Miami, FL 33156**.

I, Rafael Perez, do hereby affirm that on the **19th day of July, 2023** at **10:28 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint and Exhibits.** with the date and hour of service endorsed thereon by me, to: **Keana Bakura** as **Records Custodian** for **Best Meridian International Insurance Company SPC**, at the address of: **8950 Sw 74th Court, 24th Floor, Miami, FL 33156**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good stan ding, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525. NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

**Rafael Perez**
Certified P.S.10017

**DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705**

Our Job Serial Number: DLE-2023033960

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

7/19/03
10:09a.
R. P.
K. B

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

       Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

       Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

**Best Meridian International Insurance Company SPC**

By Serving:
Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

      Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter. If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____ JUL 1 8 2023 _____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By _____
Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

--2--

## RETURN OF SERVICE

State of Florida                          County of Miami-Dade                          Circuit Court

Case Number: 2023-019482-CA-01

Plaintiff:
**Carlyle Aviation Partners, LLC, et al**

vs.

Defendant:
**Best Meridian Insurance Company,**
**BMI Financial Group, Inc.,**
**Best Meridian International Insurance Company SPC.**

For:
Steven C. Marks
Podhurst Orseck, P.A.

Received by DLE Process Servers, Inc on the 18th day of July, 2023 at 5:18 pm to be served on **BMI Financial Group Inc c/o Andrew Sierra, 8950 Sw 74th Court, 24th Floor, Miami, FL 33156**.

I, Rafael Perez, do hereby affirm that on the **19th day of July, 2023** at **10:28 am, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Complaint and Exhibits.** with the date and hour of service endorsed thereon by me, to: **Keana Bakura** as **Records Custodian** for **BMI Financial Group Inc**, at the address of: **8950 Sw 74th Court, 24th Floor, Miami, FL 33156**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

Under penalties of perjury, I declare that I have read the foregoing Verified Return of Service and that the facts stated are true. F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO F.S. 92.525

Rafael Perez
Certified P.S.10017

DLE Process Servers, Inc
936 Sw 1st Avenue
#261
Miami, FL 33130
(786) 220-9705

Our Job Serial Number: DLE-2023033962

Copyright © 1992-2023 DreamBuilt Software, Inc. - Process Server's Toolbox V8.2n

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2023-019482-CA-01

Carlyle Aviation Partners, LLC, a Florida LLC,
Carlyle Aviation Partners, Ltd., a Bermuda company,
Carlyle Aviation Management Limited, a Bermuda
Company, SASOF IV (E) Aviation Ireland DAC,
an Ireland company, SASOF III (A10) Aviation
Ireland DAC, an Ireland company, Lapis Aircraft
Leasing Limited, Ltd., an Ireland company, SASOF
III (A21) Aviation Ireland DAC, an Ireland company,
and Fly Aircraft Holdings Thirty One Limited, Ltd.,
an Ireland company.

          Plaintiffs,

v.

Best Meridian Insurance Company, a Florida corporation,
BMI Financial Group, Inc., a Florida corporation,
Best Meridian International Insurance Company SPC,
a Cayman Islands Company,

          Defendants.
_____/

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

          YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition
in this action on defendant:

### BMI Financial Group, Inc.

By Serving:
Registered Agent, Andrew Sierra
8950 SW 74th Court
24th Floor
Miami, FL 33156

Each defendant is required to serve written defenses to the Complaint or Petition on

Steven C. Marks, Esq.
Kristina M. Infante, Esq.
Pablo Rojas, Esq.
Podhurst Orseck, P.A.
One S.E. Third Avenue, Suite 2300
Miami, Florida 33131

within twenty (20) days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Attorneys for Plaintiff(s) or immediately thereafter.  If a defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and the seal of this Court on _____JUL 1 8 2023_____, 2023.

Juan Fernandez-Barquin, Clerk of the Circuit Court
for Miami-Dade County, Florida

By: _____
Deputy Clerk

STEVEN C. MARKS
KRISTINA M. INFANTE
PABLO ROJAS
PODHURST ORSECK, P.A.
Attorneys for Plaintiff
One SE Third Avenue, Suite 2300
Miami, Florida 33131
Phone: (305) 358-2800

–2–